UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARIA CARDONA,                          )
                                        )
            Plaintiff,                  )
                                        )        CIVIL ACTION NO.
VS.                                     )
                                        )        3:14-CV-3736-G
ASI LLOYDS, ET AL.,                     )
                                        )
            Defendants.                 )

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand pursuant to 28 U.S.C.

§ 1447(c) (docket entry 4). For the reasons stated below, the plaintiff's motion is

granted and the case is remanded to the 101st Judicial District Court, Dallas County,

Texas.

I. BACKGROUND

A. Factual Background

This case concerns an insurance dispute over damages to a property located at

1110 Berkley Avenue in Dallas, Texas (the "property"). Plaintiff's Original Petition

("Complaint") at 3 (attachment 2, docket entry 1).  The property's owner and the plaintiff in the present action, Maria Cardona, insured the property through a policy (the "policy") issued by one of the defendants, ASI Lloyds ("ASI").  *Id.* at 2-3.  After a hail storm damaged the property, the plaintiff submitted a claim to ASI under the policy.  *Id.* at 3.  ASI assigned the defendant Christopher Buchanan to investigate and adjust the plaintiff's claim.  *Id.*  According to the plaintiff, Buchanan "conducted a substandard inspection of Plaintiff's Property,". . . "which vastly underscoped [sic] the actual covered damages to the Property."  *Id.*  The plaintiff attributes this faulty assessment to an undervaluation of material costs, an improper calculation of applicable sales tax, and a failure to consider the actual cost of contractors, among other things.  *Id.* at 4.  Relying on Buchanan's allegedly flawed findings, ASI refused to compensate the plaintiff for the damages at issue in her claim.  *Id.*

The plaintiff alleges that "all conditions precedent to recovery upon the Policy ha[ve] been carried out and accomplished by" her.  *Id.* at 5.  Consequently, she brought this action asserting causes of action for breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and fraud.  *Id.* at 8-14.  Except for the breach of contract claim,[1] the complaint directs all the causes of

---

[1]      The complaint states that "ASI's and BUCHANAN's failure and refusal . . . to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach

(continued...)

actions against both ASI and Buchanan.  See *id.*  For purposes of diversity

jurisdiction, ASI is a citizen of Florida, Buchanan is a citizen of Texas, and the

plaintiff is also a citizen of Texas.  *See* Notice of Removal ¶¶ 4-5 (docket entry 1);

Plaintiff Maria Cardona's Opposed Motion to Remand and Supporting

Memorandum ("Motion to Remand") ¶ 4 (docket entry 4); see also *Royal Insurance*

*Company of America v. Quinn-L Capital Corporation*, 3 F.3d 877, 882 (5th Cir. 1993)

(citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)) ("For purposes of

ascertaining whether the federal courts have diversity jurisdiction, an unincorporated

association is considered to have the citizenship of its members."), *cert. denied*, 511

U.S. 1032 (1994).

B.  Procedural Background

This case was originally filed in the 101st Judicial District Court, Dallas

County, Texas, on September 2, 2014.  Notice of Removal ¶ 1 (docket entry 1).

Claiming that Buchanan had "been fraudulently joined," the defendants removed the

case to this court on October 17, 2014.  *Id.* ¶ 6.  Less than a month later, the plaintiff

filed the instant motion to remand the case to the Texas state court.  Motion to

---

[1](...continued)
of ASI's contract with Plaintiff."  Complaint at 8.  The last portion of the quoted
language clarifies that the plaintiff and ASI are the parties to the contract.  Therefore,
Buchanan's actions are relevant to the breach of contract claim only to the extent
they inform whether ASI breached its responsibilities under the contract.

Remand.  The defendants filed a response (docket entry 5) to this motion and the plaintiff filed her reply (docket entry 6).  The motion is now ripe for decision.

II.  <u>ANALYSIS</u>

A.  <u>Applicable Law</u>

1.  *Removal Jurisdiction and Improper Joinder*

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  This statute provides district courts with removal jurisdiction over both federal question and diversity of citizenship cases.  *See* 28 U.S.C. §§ 1331, 1332.  However, there is one exception to the general equivalence between district court's original jurisdiction and removal jurisdiction: when a civil action is only removable on the basis of diversity jurisdiction, it "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).

While the text of § 1441(b)(2) is limited to cases involving an in-state defendant,[2] in all removal cases asserting diversity of citizenship jurisdiction, courts

---

[2]    As discussed in greater detail in footnote 3, a properly joined defendant prevents removal because he/she is an in-state defendant (*i.e.*, his/her joinder violates § 1441(b)(2)) and/or because he/she violates the complete diversity requirement of

(continued...)

should prevent plaintiffs from using improper joinder to violate defendants' right to removal jurisdiction. *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). In the words of the Fifth Circuit, "The Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Id.* at 573 (quoting 14 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3641, at 173 (3d ed. 1998)); see also *Alabama Great Southern Railway Company v. H.C. Thompson*, 200 U.S. 206, 218 (1906) ("[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals."); *Borden v. Allstate Insurance Company*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)) ("The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."). Accordingly, a district court will only consider properly joined defendants when determining whether or not diversity jurisdiction exists in removal cases.

---

[2](...continued)
§ 1332.

When a court conducts this inquiry , "[t]he petition as filed in the state court at the time of removal controls. . . ." *Edwea, Inc. v. Allstate Insurance Company*, Civil Action No. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010) (citing *Cavallini v. State Farm Mutual Auto Insurance Company*, 44 F.3d 256, 264 (5th Cir. 1995)). "The party claiming federal subject matter jurisdiction has the burden of proving it exists." *Peoples National Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004) (citing *Pettinelli v. Danzig*, 644 F.2d 1160, 1162 (5th Cir. 1981)). Therefore, in cases of removal, "[t]he burden of proof is on the removing party." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). This burden requires the trial court to "resolve all disputed questions of fact in favor of the plaintiff and then determine whether there could possibly be a valid cause of action set forth under state law." *B., Inc.*, 663 F.2d at 551.

To succeed on a motion for improper joinder, the defendants must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). This latter method, the only one at issue in the present case, requires the defendants to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state

- 6 -

defendant."[3]  *Id.*  To determine if the defendant has made this showing, a court generally conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.*  In the less common case where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," a summary inquiry is appropriate.  *Id.*  As in *Edwea*, "[n]o party in the present case . . . has asked for such an inquiry.  Instead, the parties have focused solely on whether the plaintiff['s] state-court petition provides a reasonable basis to predict that [she] may recover against the in-state defendant under Texas

---

[3]      In *Smallwood*, the improperly joined defendant, the Mississippi Department of Transportation ("MDOT"), was a citizen of Mississippi, the forum state.  The plaintiff in the action was also a citizen of Mississippi.  Therefore, if MDOT was *properly* joined, its presence in the case would have barred removal both because it destroyed diversity jurisdiction under § 1332 and because it violated the in-state defendant rule of § 1441(b)(2).  *Smallwood*, 385 F.3d at 571-74.  Throughout *Smallwood*, the court references the "in-state defendant."  See *id.* 573.  This phrase appropriately describes the MDOT and it applies equally to Buchanan in this case.  *Id.* at 571-72.  However, as implied in the discussion above, *Smallwood's* reasoning extends to out-of-state defendants who destroy diversity as well.  For example, in a situation where a Texas citizen sues a properly joined Illinois citizen and an improperly joined Texas citizen in the state of Louisiana, the improperly joined Texas citizen is not an in-state defendant (*i.e.*, §1441(b)(2) is inapplicable), but nevertheless, the party's status as a defendant would destroy diversity jurisdiction.  The logic of *Smallwood* justifies an inquiry into improper joinder under these circumstances.

law."[4]  2010 WL 5099607 at *2 (citing *Smallwood*, 385 F.3d at 573-74).  Thus, the

court will undertake the necessary "Rule 12(b)(6)-type analysis."

 The Fifth Circuit's use of the phrase "Rule 12(b)(6)-type analysis" does not

indicate that this inquiry requires application of the federal motion to dismiss

standard detailed in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In fact, "[t]he majority of courts have held

that a federal court should not look to the federal standard for pleading . . . to

determine whether the state-court petition provides a reasonable basis for predicting

that the plaintiff could recover against the in-state defendant at least when . . . the

state pleading standard is more lenient."  *Edwea*, 2010 WL 5099607 at *5 (citing, *e.g.,*

---

 [4]  In their response brief, the defendants note that a court can undertake a
"summary judgment inquiry" when assessing an improper joinder claim.  Defendants'
Response to Plaintiff Maria Cardona's Opposed Motion to Remand and Supporting
Memorandum ("Response") ¶ 3.3.  Despite the defendants' awareness of this
alternative inquiry, nearly all of the arguments in their brief appear directed at the
plaintiff's failure to properly plead a claim against Buchanan.  *Id.* (The relevant
headings in the brief include "Plaintiff Did Not Allege Actionable Causes of Action
Against Buchanan," Plaintiff's Alleged Damages are Insufficient to Sustain Claims
Against Buchanan," "Plaintiff's Alleged Facts are Insufficient to Sustain Claims
Against Buchanan," and "Plaintiff [sic] Alleged Facts are also Insufficient to Satisfy
Rule 9(b) for Claims of Fraud and Violations of the Texas Insurance Code Against
Buchanan."  These headings focus on the plaintiff's allegations rather than any
proffered evidence.).  These arguments, as a result, necessitate only a "Rule 12(b)(6)-
type analysis."

 The defendants do claim, however, that the plaintiff failed to serve
Buchanan.  While this claim is more than a mere attack on the sufficiency of the
pleadings, it does not justify a summary judgment inquiry for the reason set forth
below.

*Warren v. State Farm Mutual Automobile Insurance Company*, Civil Action No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [the plaintiff's] complaint under Texas' notice-pleading standard.")).  In *Akerblom v. Ezra Holdings Limited*, the Fifth Circuit endorsed the *Edwea* approach by applying Texas' notice pleading requirements when conducting an improper joinder analysis.  509 Fed. Appx. 340, 344-345 (5th Cir. 2013).  Applying the state pleading standard in these circumstances is "[t]he more logical choice . . . because 'the purpose of a fraudulent joinder analysis is to determine whether a *state* court might permit a plaintiff to proceed with his claims . . ..'"  *DNJ Logistic Group, Inc. v. DHL Express (USA), Inc.*, 727 F. Supp. 2d 160, 165 (E.D.N.Y. 2010) (emphasis in original) (quoting *Kuperstein v. Hoffman-La Roche, Inc.*, 457 F. Supp. 2d 467, 471-72 (S.D. N.Y. 2006)).  Furthermore, "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands."  *Henderson v. Washington National Insurance Company*, 454 F.3d 1278, 1284 (11th Cir. 2006).  As a result, this court must discuss Texas' pleading requirements.

- 9 -

2.  *Pleading Standard Under Texas Law*

Rules 45 and 47 of the Texas Rules of Civil Procedure detail the pleading

standard under Texas law.  In relevant part, Rule 45 requires a complaint to "consist

of a statement in plain and concise language of the plaintiff's cause of action.  . . .

That an allegation be evidentiary or be of legal conclusion shall not be grounds for an

objection when fair notice to the opponent is given by the allegations as a whole."

TEX. R. CIV. P. 45(b).  Rule 47 reiterates the essential element of Texas' pleading

regime:  the text of the complaint must be "sufficient to give fair notice of the claim

involved."  TEX. R. CIV. P. 47(a).  A party satisfies this pleading standard if "an

opposing attorney of reasonable competence, with the pleadings before him, can

determine the nature of the controversy and the testimony that would probably be

relevant."  *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.--Eastland 2004, no

pet.).  This standard does "not require that the plaintiff set out in his pleadings the

evidence upon which he relies to establish his asserted cause of action."  *Paramount*

*Pipe & Supply Company, Inc. v. Muhr,* 749 S.W.2d 491, 494-95 (Tex. 1988) (citing

*Edwards Feed Mill v. Johnson*, 311 S.W.2d 232, 234 (Tex. 1958)).

3.  *Applying Texas' Pleading Standard to Private Actions Under*
*Chapter 541 of the Texas Insurance Code*

Chapter 541 of the Texas Insurance Code (the "chapter") prohibits a diverse

range of unfair or deceptive insurance practices.  Particularly relevant to this case is

§ 541.060, which details unfair settlement practices, including "misrepresenting to a

claimant a material fact or policy provision relating to coverage at issue." TEX. INS. CODE § 541.060(a)(1). The chapter provides a private right of action "against another person for those damages caused by the other person engaging" in the activities prohibited under § 541.060. *Id.* § 541.151. A person, for purposes of the chapter, includes "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." *Id.* § 541.002. Relying on the plain text of the statute, the Fifth Circuit confirmed that the chapter "clearly authorizes . . . actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indemnity Company*, 491 F.3d 278, 282 (5th Cir. 2007).

To succeed on a private cause of action asserting a violation of § 541.060, the plaintiff must demonstrate "injury independent of the denial of policy benefits." *Provident American Insurance Company v. Castaneda*, 988 S.W.2d 189, 199 (Tex. 1998) (*Castaneda* discusses article 21.21 of the Texas Insurance Code. This section was repealed and recodified as §§ 541.051-162 of the current Texas Insurance Code. *Environmental Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 611 n.5 (Tex. App.-- Houston [14th Dist.] 2009, pet. denied)). Contra *United National Insurance Company v. AMJ Investments, LLC*, 447 S.W.3d 1, 11-12 (Tex. App.--Houston [14th Dist.] 2014, pet. for review filed). In *Rocha v. Geovera Specialty Insurance Company*, the court

concluded that *at the motion to remand stage* "allegations that the adjuster was directly responsible for committing a violation of the insurance code" satisfy *Castaneda's* "independent injury" requirement.  Civil Action No. 7:13-CV-589, 2014 WL 68648, at *15 (S.D. Tex. Jan. 8, 2014).  To reach this conclusion, the court relied on the Fifth Circuit's discussion of the Texas Insurance Code in *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004).

In *Hornbuckle,* the Fifth Circuit reversed an award of attorney's fees that followed a district court's decision to grant a motion to remand.  *Id.* at 546.  The court presumed that "there is no reasonable possibility that Texas would allow recovery under [§ 541.060] . . . against an insurance company employee, who in the course of his employment engages in business of insurance [sic], *in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation" of § 541.060.  *Id.* at 545 (emphasis in original).  Because "there was no arguably reasonable possibility [that the plaintiff] could produce sufficient evidence to sustain a finding of actionable wrongdoing on [the adjuster's] part," the trial court should not have granted attorney's fees to the plaintiff.  *Id.* at 546.  *Rocha* relied on this reasoning to conclude that, at the pleading stage, a plaintiff satisfies *Castaneda's* "independent injury" requirement merely by alleging the defendant was directly responsible for the violation.  2014 WL 68648 at *4.

Throughout its analysis in *Hornbuckle*, however, the Fifth Circuit does not discuss or cite the *Castaneda* case, or more specifically, *Castaneda*'s discussion of the "independent injury" requirement.  See *Hornbuckle*, 385 F.3d at 544-45.  Moreover, in arriving at its decision, the court emphasized that the presence of deposition testimony transformed the district court's motion to remand analysis from a typical "Rule 12(b)(6)-type analysis" into a summary judgment inquiry.  *Id.* at 545.  To make this point, the Fifth Circuit cites approvingly a portion of the defendant's brief in opposition to the motion to remand:  "This Removal . . . is not based upon whether Plaintiff has pleaded causes of action that meet the threshold of stating a claim upon which the Courts have determined relief may theoretically be granted against a non-diverse [insurance adjuster], but rather upon whether Plaintiff has any *evidence* at all that would support any of her claims."  *Id.* (emphasis in original).  Therefore, *Hornbuckle* fails to clarify the "Rule 12(b)(6)-type analysis" a district court undertakes when considering a motion to remand, specifically as it applies to Texas Insurance Code claims.

*Hornbuckle* and *Castaneda*, while not informative in clarifying the "Rule 12(b)(6)-type analysis," are helpful in elucidating what elements a plaintiff must prove to ultimately succeed on a claim under the Texas Insurance Code.  Specifically, successful claims demonstrate that the defendant was directly responsible for the alleged injury and that the "injury [is] independent of the denial of policy benefits."

- 13 -

*Hornbuckle*, 385 F.3d at 545; *Castaneda*, 988 S.W.2d at 199.  The analysis of these

elements in *Castaneda* and *Hornbuckle* is concerned solely with the evidentiary stage of

litigation.  *Castaneda*, 988 S.W.2d at 199 (The court notes that "there is no *evidence* of

lost credit reputation in this case," where the loss of credit reputation was the alleged

"independent injury.") (emphasis added); *Hornbuckle*, 385 F.3d at 545 (see discussion

in the immediately preceding paragraph).  Neither of these opinions, however,

indicates that parties are "*required* by any law or rule authorizing or regulating any

particular action or defense" to include these elements in their pleadings.  *See* TEX. R.

CIV. P. 45(c) (emphasis added).  Absent an explicit instruction from the Texas

Supreme Court indicating otherwise, pleading a Texas Insurance Code claim requires

only "a statement in plain and concise language of the plaintiff's cause of action" that

provides "fair notice to the opponent."  TEX. R. CIV. P. 45(b); see also *Household*

*Finance Corporation III v. DTND Sierra Investments, LLC*, No. 04-13-00033-CV, 2013

WL 5948899, at *3 (Tex. App.--San Antonio Nov. 6, 2013, no pet.) (mem. op.)

(quoting *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.--Dallas

2011, no pet.)) ("The fair notice standard 'relieves the pleader of the burden of

pleading evidentiary matters with meticulous particularity.'").

### B.  Application of Law to the Present Dispute

The plaintiff pleads a valid claim for relief against Buchanan under the Texas

Insurance Code.  The complaint identifies Buchanan as an insurance adjuster.

- 14 -

Complaint at 3-4.  Furthermore, it states that he "engaged in unfair settlement practices by misrepresenting material facts to Plaintiff -- that the covered damage to the Property was much less than it actually is" and "underestimated and undervalued the cost of materials required for the necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit." *Id.* at 4.  These allegations indicate that Buchanan "misrepresent[ed] to [the plaintiff] a material fact or policy provision relating to coverage at issue." TEX. INS. CODE § 541.060(a)(1).  While the plaintiff may ultimately be unsuccessful in proving Buchanan violated § 541.060, at this stage, the court is confident that Buchanan "can determine the nature of the controversy and the testimony that would probably be relevant." *Coffey*, 142 S.W.3d at 417.  Because the plaintiff has pled a valid claim against Buchanan, Buchanan has been properly joined.  Buchanan's status as a Texas citizen for purposes of 28 U.S.C. § 1332 destroys diversity jurisdiction and therefore requires the court to remand the action.  *See* 28 U.S.C. § 1447(c).

The plaintiff's failure to serve Buchanan does not alter the court's conclusion. Texas Rule of Civil Procedure 121 states, "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."  Therefore, upon filing a joint answer with ASI, Buchanan waived his right to service.  Defendants ASI Lloyds and Christopher James Buchanan's Original Answer (attachment 2, docket entry 1).

III.  <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**.

Accordingly, this case is **REMANDED** to the **101st Judicial District Court, Dallas County, Texas**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

January 6, 2015.

**A. JOE FISH**
**Senior United States District Judge**

- 16 -